Reed, J.,
after stating the facts as above, delivered the opinion of the court.
The decree of the district court must be affirmed. The suit should never have been instituted. If instituted upon erroneous information, it should have ended with the decree of the court below. There was an utter failure, by evidence, to establish any fact necessary to entitle plaintiff to the relief asked, or any other relief. As it is, we are compelled to wade through 272 pages of printed abstract, of which 48 are pleadings, and balance an abstract (?) of evidence, a large part of which was irrelevant — hot calculated to establish any fact in issue or any fact of interest in any way pertaining to the assertion of the supposed rights.
Plaintiff was married before she was fourteen years old— had no money or individual property. Before she was fifteen, her husband, with his own money, purchased the property in controversy and had the conveyance made to his wife. At the time of such purchase he was indebted, owing the debts that were subsequently asserted against the property. Conceding that the relation of husband and wife, and “ love and affection,” are a sufficient consideration, inter parties ; it is not a good consideration, nor does the conveyance carry *75 title when in fraud of the rights of existing creditors. What plaintiff took, if anything, was the equity remaining after the debts were discharged. In our view of the ease, the minority of plaintiff, her conveyance to her mother-in-law, the conveyance by the mother-in-law to the husband, and the husband to the brother, Gustave, may all be disregarded as shifts on the part of the husband to prevent the property’s being subjected to the payment of debts. The questions in regard to disagreement, separation, subsequent divorce, alimony, etc., may also be eliminated. The legal result would have been the same had husband and wife continued together in the utmost harmony and earthly felicity — unless the combined efforts of husband, mother-in-law and brother-in-law could have been sufficient to defeat the collection of debts — ■ whether individual force, wasted in different directions, .prevented its accomplishment, we cannot determine. This eliminates from the discussion all acts and conduct of the plaintiff before attaining her majority, and brings us to her conveyance to Corbin. It was a voluntary conveyance without consideration, deemed necessaiy to be made in her interest. It made Corbin her trustee, nothing more; no undue influence is shown to have been exerted; she was fully informed of the object and intention and all necessary facts, and voluntarily made the conveyance. No evidence is introduced tending to show any conspiracy with others, or any want of good faith in the execution of the trust, or that he made a dollar out of it. .
The property having been sold under the executions, plaintiff and her father made an unsuccessful effort to obtain the money to redeem. In order to realize, if possible, something from the. property, negotiations were entered into by plaintiff, Gustave and Ernest Bauman, each individually, through their respective agents and counsel, with Guard, to compromise matters, resulting in Guard’s buying the supposed rights and interests of the three parties. Gustave and Ernest each received an agreed sum and quitclaimed to Guard. Plaintiff and her father had an interview with their *76 counsel, Rhodes and Corbin, the offer from Guard of $2,006 submitted, which was temporarily declined while an effort was made to secure more, which resulted in an offer of $2,250, which was accepted; $1,750 paid to and received by plaintiff in full for her claim, and $500 retained by counsel for services. The interest or claim of plaintiff was conveyed by Corbin, who held the legal title.
It is clear from the evidence that the matter was fully understood and agreed to by the plaintiff. It is equally clear, that had not such result been reached by the close attention of counsel to her interests, nothing would have been obtained.
The whole cost to Guard being something less than the estimated value, defendants are charged with having conspired with each other and having directed their united efforts to defrauding her and acquiring the property for less than value, and the settlement on the part of the plaintiff is ignored. There was no evidence whatever of conspiracy or a concerted action by the others to make her á idetim. Each appears to have worked individually to accomplish a purpose, Ernest, and Gustave Bauman and plaintiff being successful.
The decree should be sustained.

Affirmed.